UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| PATRICIA PIERCE FITZGERALD, ) | CHAPTER 7 |
| ) | CASE NO. 19-12051-JEB |
| Debtor ) | |

**NOTICE OF INTENDED PRIVATE SALE OF ASSETS,
SOLICITATION OF COUNTEROFFERS,
DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS
AND HEARING DATE**

_____ IS THE DATE OF THE HEARING ON THE PROPOSED SALE

_____ IS THE DATE BY WHICH OBJECTIONS OR COUNTEROFFERS MUST BE MADE

**NOTICE IS HEREBY GIVEN**, pursuant to 11 U.S.C. Section 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR 2002-5 and 6004-1, that the Trustee intends to sell at private sale the Debtor's right, title and interest in the following described property of this bankruptcy estate.

**ASSETS TO BE SOLD:**

The Debtor's interest in certain claims components thereof in either case arising pre-petition, against manufacturers, distributors and retailers of tobacco products relating to their conduct resulting in damages to and/or the death of the Debtor (the "Assets").

**THE OFFER:**

The Trustee has entered into an Asset Purchase Agreement dated October 14, 2022 (the "Asset Purchase Agreement"), pursuant to which the Trustee intends to sell the Assets to the proposed buyer identified below for the sum of TWENTY THOUSAND DOLLARS ($20,000.00) (the "Purchase Price"). A copy of the Asset Purchase Agreement is attached hereto as Exhibit A.

**THE PROPOSED BUYER:**

The proposed buyer is Thomas Patrick Fitzgerald, as Personal Representative of the Estate of Patricia Pierce Fitzgerald (the "Proposed Buyer"). There is no relationship between the Proposed Buyer and the Trustee. The Proposed Buyer was the Debtor's husband.

12487625v1

**THE SALE DATE:**

The closing shall take place no later than _____, 2022, or such other time as agreed to by the Trustee and the Proposed Buyer (the "Closing Date"), and is subject to the Bankruptcy Court's allowance of the Trustee's Motion for Authority to Sell Assets By Private Sale Subject to All Liens, Claims, Encumbrances and Interests (the "Sale Motion").  The Proposed Buyer has delivered the full Purchase Price to the Trustee.  The terms of the proposed sale are more particularly described in the Sale Motion filed with the Court on October 27, 2022, and the Asset Purchase Agreement.  The Sale Motion and the Asset Purchase Agreement are available at no charge upon request from the undersigned.

**SALE OF ASSET SUBJECT TO ALL LIENS, CLAIMS AND ENCUMBRANCES:**

The Assets will be sold subject to all liens, claims, encumbrances or other interests.

**"AS IS" AND "WHERE IS":**

The Assets are being sold "AS IS" AND "WHERE IS" without any representations or warranties, other than those set forth in the Purchase Agreement.

**COUNTEROFFERS OR OBJECTIONS:**

Any objections to the sale and/or higher offers must be filed in writing with the Clerk of Court, United States Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109, on or before _____ at  4:30   **P. M**.  A copy of any objection and/or higher offer also shall be served upon the undersigned.  Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized.  Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

**Through this Notice, higher offers for the Assets are hereby solicited.  Any higher offer must be accompanied by a DEPOSIT IN THE AMOUNT OF TWENTY THOUSAND DOLLARS ($20,000.00) in the form of a certified or bank check made payable to "Mark G. DeGiacomo, Chapter 7 Trustee."  <u>Higher offers must be in the amount of at least $21,000.00 and must be on the same terms and conditions provided in the Asset Purchase Agreement, other than the purchase price</u>.**

**HEARING:**

A hearing on the Sale Motion, objections or higher offers is scheduled to take place on _____ at _____ before the Honorable Janet E. Bostwick, United States Bankruptcy Judge, at the United States Bankruptcy Court, John W. McCormack Post Office and

12487625v1

Courthouse, 5 Post Office Square, 12th Floor, Boston, Massachusetts, in Courtroom __. The Sale Hearing may be conducted telephonically or by video in the event the Bankruptcy Court is unable to conduct the Sale Hearing in person due to the COVID-19 pandemic.  Any party that has filed an objection or higher offer is expected to be present at the hearing, failing which the objection may be overruled or the higher offer stricken. The Court may take evidence at any hearing on approval of the sale to resolve issues of fact.  If no objection to the Sale Motion or higher offer is timely filed, the Court, in its discretion, may cancel the scheduled hearing and approve the sale without hearing.

At the hearing on the sale the Court may (1) consider any requests to strike a higher offer, (2) determine further terms and conditions of the sale, (3) determine the requirements for further competitive bidding, and (4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

**DEPOSIT:**

The deposit will be forfeited to the bankruptcy estate if the successful purchaser fails to complete the sale by the Closing Date.  If the sale is not completed by the buyer approved by the Bankruptcy Court, the Trustee, without further hearing, may sell the Assets to the next highest bidder.

Any questions concerning the intended sale shall be addressed to the undersigned.

        Respectfully submitted,

        MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF
        THE ESTATE OF PATRICIA PIERCE FITZGERALD,

        By his attorneys,

        _____/s/ Mark G. DeGiacomo_____
        Mark G. DeGiacomo, Esq. BBO #118170
        Murtha Cullina LLP
        33 Arch Street, 12th Floor
        Boston, MA  02110
        617-457-4000 Telephone
        617-482-3868 Facsimile

Dated:  October 27, 2022        mdegiacomo@murthalaw.com

12487625v1

<u>Exhibit A</u>
(Asset Purchase Agreement)

12487625v1

## ASSET PURCHASE AGREEMENT

AGREEMENT made as of this 14th day of October, 2022, by and between Mark G. DeGiacomo, Chapter 7 Trustee of the bankruptcy estate of Patricia Pierce Fitzgerald (the "Debtor"), Chapter 7 Case No. 19-12051-JEB (the "Trustee") and Thomas Patrick Fitzgerald, as Personal Representative of the Estate of Patricia Pierce Fitzgerald (the "Buyer").

WHEREAS, on June 17, 2019 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code; and

WHEREAS, on June 17, 2019, the Trustee was appointed as the Chapter 7 trustee of the Debtor's bankruptcy estate; and

WHEREAS, on August 7, 2019, the Trustee filed a Report of No Distribution;

WHEREAS, on October 15, 2019, the Court entered an Order discharging the Trustee and closing this case; and

WHEREAS, on November 23, 2020, pursuant to the request of the Trustee who had been advised of the existence of an undisclosed asset, the Office of the United States Trustee filed a Motion to Reopen the Case and Appoint the Trustee as Successor Chapter 7 Trustee; and

WHEREAS, on December 9, 2020, the Court entered an Order reopening the case and on the same day the Trustee was reappointed as the Chapter 7 Trustee of this bankruptcy estate; and

WHEREAS, on December 4, 2020, the Debtor died; and

WHEREAS, Thomas Patrick Fitzgerald has been duly appointed the Personal Representative of the Estate of the Debtor; and

12096417v1

WHEREAS, the bankruptcy estate owns certain claims, or components thereof in either case arising pre-petition, against manufacturers, distributors and retailers of tobacco products, relating to their conduct resulting in damages to and/or the death of Debtor (the "Assets"); and

WHEREAS, the Buyer intends to commence litigation to recover damages due the Debtor's probate estate and, if this transaction closes, the Assets (the "Litigation"); and

WHEREAS, the Trustee wishes to sell and transfer, and the Buyer wishes to purchase, the Trustee's right, title and interest in the Assets upon the terms and conditions set forth in this Agreement.

NOW THEREFORE, the TRUSTEE and BUYER agree as follows:

1. <u>Assets to be Transferred.</u> The Trustee agrees to sell and transfer all of his right, title and interest in, and the Buyer agrees to buy the Assets, subject to the conditions contained herein.

2. <u>Purchase Price.</u> The Buyer agrees to pay as a total purchase price for the Assets the amount of twenty thousand dollars and 00/100 ($20,000.00) (the "Purchase Price").

3. <u>Payment.</u> The Buyer has delivered the Purchase Price to the Trustee. The Trustee is holding the Purchase Price in escrow pending the allowance of the Motion to Sell.

4. <u>Purchase is Subject to Any Liens.</u> The Trustee will sell the Assets subject to all liens, claims and encumbrances.

5. <u>Bankruptcy Court Approval.</u> The obligation of the Trustee to sell and transfer and the obligation of the Buyer to purchase are expressly conditioned upon the

2

12096417v1

approval of this Agreement by the United States Bankruptcy Court of the Chapter 7 Trustee's Motion for Authority to Sell Asset by Private Sale Subject to All Liens, Claims and Encumbrances (the "Motion to Sell"). The Buyer is aware that the Trustee will provide advance notice of the Motion to Sell to all parties in interest and other entities selected by the Trustee, who in turn may object to this proposed sale or submit counteroffers.

6. <u>Representations and Warranties.</u> The Assets are being sold "AS IS" and "WHERE IS" without any representations or warranties including WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

7. <u>Closing.</u> A closing shall take place at the office of Murtha Cullina LLP, 33 Arch Street, Boston, Massachusetts fifteen days following the Bankruptcy Court's issuance of an order allowing the Motion to Sell, unless otherwise ordered by the Court (the "Closing"). At the Closing, the Trustee shall execute and deliver all documents necessary to effect the transfer of the Assets.

8. <u>Contingencies.</u> There are no contingencies to the sale of the Assets other than Bankruptcy Court approval.

9. <u>Nonrecourse.</u> The Trustee is executing this Agreement in a fiduciary capacity, only the bankruptcy estate shall be bound. The Trustee shall not be personally liable for any obligation, expressed or implied, hereunder.

10. <u>Modification.</u> This Agreement contains the entire agreement of the parties and may be amended only by written instrument signed by the parties.

11. <u>Assignment.</u> The Buyer may assign its rights and obligations under this Agreement without the need of further approval from the Trustee or the Bankruptcy Court.

12. **Advice of Counsel.** The Buyer confirms that he has obtained the advice of counsel of its choice in connection with the execution of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement in two counterparts on the day and year first above written.

The Buyer hereby agrees to purchase on the terms set forth above.

_____    _____
Witness                      Thomas Patrick Fitzgerald
Thomas P. Fitzgerald, Jr.

The Trustee agrees to sell and transfer on the terms set forth above.

_____    _____
Witness                      Mark G. DeGiacomo, Chapter 7 Trustee of
                             the estate of Patricia Pierce Fitzgerald

4

12096417v1